IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Anthony Glenn James, #310987, | ) | |
| | ) | Civil Action No. 1:16-3692-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Doctor John McRee; Nurse Terry | ) | |
| Andrews; Cpl. Lee; Officer Miskints; | ) | |
| Sgt. Thomas;  Warden Lewis; and | ) | |
| Frank Mausler, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, an inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983.  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling.  Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's complaint without prejudice and without issuance and service of process.  (ECF No. 8).  Plaintiff was advised of his right to file objections to the Report. (ECF No. 8 at 7).  Plaintiff has timely filed objections.  (ECF No. 10).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  In the absence of objections, this court is not required to provide an explanation for adopting the Report.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff sets forth three specific objections to the Report.  In his first objection, Plaintiff argues that Dr. McRee purposely refused to send him to an orthopedic physician. He argues that Dr. McRee has not given him a proper scoliosis examination and it is possible that, with a proper examination and treatment by an orthopedist, his pain over the past twelve months could have been avoided.  He also contends that the magistrate judge's recommendation in the Report that this action should be dismissed is premature, and that he needs to conduct discovery to be able to prove his case.

Courts have repeatedly rejected medical indifference claims alleging that medical practitioners failed to provide diagnostic tests, even in cases where such tests might have proved highly beneficial to the prisoner-plaintiffs or where failure to provide such tests may have constituted medical malpractice. *See, e.g., Estelle v. Gamble*, 429 U.S. 97,  107 (1976) ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.").  A prison inmate "does not enjoy a constitutional right to the treatment of his or her choice." *De'Lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013). Having carefully reviewed Plaintiff's objections and the evidence submitted by both parties, the court agrees with the magistrate judge that this is not a case of deliberate indifference to serious medical needs, but simply a disagreement between Plaintiff and prison health care staff about the appropriate course of his treatment.

In his second objection, Plaintiff alleges that Nurse Terry Andrews was purposely indifferent to his medical needs when she interfered with his receipt of a pair of high-top or mid-

top athletic shoes which had been prescribed by Dr. McRee. In his Complaint, however, Plaintiff alleges that Nurse Andrews ordered the wrong shoes and then destroyed the prescription to cover up that she had ordered the wrong shoes. (Compl. at 8). Moreover, in regard to his grievance, he stated that Nurse Andrews "failed to properly describe the type of shoes that needed to be ordered." (ECF No. 1-1 at 1). The magistrate judge stated that, at most, Plaintiff's allegations support a negligence claim which is not actionable under § 1983. (Report at 5). In his Objections, Plaintiff now contends that Nurse Andrews intentionally changed the description of the prescribed shoes and then destroyed the original prescription. Plaintiff cannot use his objections to plead new facts not alleged in his complaint, especially when those new facts are contradictory to those alleged in the complaint. *Compare United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (specifying a district court has the duty "to consider all arguments . . . , regardless of whether they were raised before the magistrate" (emphasis added)) *with Backus v. Cox*, C/A No. 4:13-cv-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct.18, 2013) ("Plaintiff, however, cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant . . . "). *See Ferola v. McCall*, C/A No. 9:16-cv-00547-RBH-BM, 2017 WL 490113, *3 n.11 (D.S.C. Feb. 7, 2017). The court agrees with the magistrate judge that Plaintiff's allegations in his Complaint support only a negligence claim against Nurse Andrews and is not actionable under §1983.

In his third objection, Plaintiff contends that Defendants Corporal Lee and Officer Miskints denied him access to the courts by causing him to be late to a hearing on September 2, 2015. Additionally, he contends that the remaining defendants are also responsible for causing him to be late to this hearing. As the magistrate judge noted, Plaintiff has not alleged any prejudice in regard to his denial of access to court claims. (Report at 6).

The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court finds Plaintiff's objections are overruled. Based on the foregoing, the court adopts the Report (ECF No. 8) and incorporates it herein, and Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

April 18, 2017
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.