IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Anthony Glenn James,          )
                              )   C/A No. 1:16-3692-TMC
            Plaintiff,        )
                              )
      vs.                     )   **ORDER**
                              )
Doctor John McRee; Nurse Terry)
Andrews; Cpl. Lee; Officer Miskints;)
Sgt. Thomas; Warden Lewis; and)
Frank Mausler,                )
                              )
            Defendants.       )
_____)

Plaintiff, an inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. On April 18, 2017, the court dismissed Plaintiff's Complaint without prejudice. (ECF No. 12). Before the court is Plaintiff's motion for reconsideration pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure which Plaintiff filed on October 30, 2017. (ECF No. 15).

Rule 60(b) allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake, inadvertence, surprise, or neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Plaintiff is seeking relief based upon newly discovered evidence. (ECF No. 15 -1 at 1). Plaintiff contends that new x-rays taken in August 2017 show that his scoliosis has worsened. *Id.*

The new x-ray, however, does not supply "new evidence" that would support a finding that this court erred when it dismissed Plaintiff's claim that his Eighth Amendment rights were violated when Defendants treated him. As the court found in its prior order, this is a case where

1

there is a disagreement with his treatment. In any case, even if Plaintiff's condition worsened under the treatment provided by Defendants, that alone is insufficient to support a constitutional violation. *See Jackson v. Clowers*, 83 Fed. App'x 990, 993 (10th Cir. 2003) (unpublished decision) (holding that "[e]ven if the allegedly inadequate treatments caused Mr. Jackson's skin condition to recur persistently, these facts would, at best, support a medical malpractice claim").[1] Accordingly, Plaintiff's motion for reconsideration (ECF No. 15) is **DENIED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 25, 2018
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] And in fact, the court notes that Plaintiff has submitted what appears to be flings in a state court action, *James v. South Carolina Dep't of Corrs.*, C/A No. 2016-CP-40-1184. (ECF No. 15-2 at 8-13, 15-48). The court takes judicial notice that in this state court action Plaintiff alleges claims for medical malpractice, deliberate indifference, and gross negligence, and that this action remains pending. *See* Richland County Fifth Judicial Circuit Public Index, https://publicindex. sccourts.org/Richland/PublicIndex/PISearch.aspx (last visited January 25, 2018); *see also Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice is in noticing the content of court records.").